UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAM LEVINE,

           Plaintiff,

-against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR INDYMAC
INDX MORTGAGE LOAN TRUST 2004-
AR15, MORTGAGE PASSTHROUGH
CERTIFICATES, SERIES 2004-ARI 5;
KHARDEEN SHILLINFORD; HINSHAW &
CULBERTSON LLP; NEW YORK
SUPERIROR COURT; PAUL I. MARX;
VITOR G. GROSSMAN; DEBRA McCLAY;
MICHAEL C. BARLOTTI; STATE OF NEW
YORK,

           Defendants.

18-CV-4974 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint arising out of a foreclosure proceeding in New York State Court, Putnam County. By order dated August 9, 2018, Judge Stanton dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), and granted Plaintiff 30 days' leave to file an amended complaint. (ECF No. 7.) By letter dated August 24, 2018, Plaintiff made a series of objections to that order. (ECF No. 9.) Judge Stanton construed that submission as a motion for reconsideration, denied it, and in an abundance of caution, granted Plaintiff an additional thirty days to file an amended complaint. Plaintiff filed an amended complaint on October 9, 2018,[1] and the Court has reviewed it. The amended complaint is dismissed for the reasons set forth below.

---

[1] Plaintiff has not communicated with the Court since filing the amended complaint. The matter was recently reassigned to my docket.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his original complaint, which Judge Stanton characterized as "dense, repetitive, and riddled with legal jargon" (ECF 7 at 3), Plaintiff challenged the jurisdiction of the Putnam County Supreme Court to preside over the foreclosure action. According to Plaintiff, the state court issued unconstitutional orders, judges and court clerks violated his constitutional rights, and the private actors committed fraud, acted in "bad faith," and violated the "Consumer Credit Protections Act." (ECF 2 at 7-8, 15-17, 21.) Plaintiff moved for injunctive relief and damages. (*Id.* at 22.)

The August 9, 2018 order dismissed the complaint on the following grounds: (1) the Eleventh Amendment barred Plaintiff's claims against New York State; (2) the judicial employees were immune from suit; (3) any claims Plaintiff was asserting against the private actors could not proceed because there were no allegations that they acted under color of state law; (4) the facts alleged failed to state a claim under the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, and (5) the complaint failed to state a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. (ECF 7.)

The amended complaint names the same defendants that were named in the original pleading, and it too is not a model of clarity. In it, Plaintiff alleges that Defendants violated his right to due process and equal protection, and he also asserts state law claims of negligence, fraud, and "unlawful seizure; mental torture; manipulation of Public Land records in order to steal innocent People's lands who are a threat to exposing Town and County" corruption. Plaintiff refers to the United States Constitution, § 1983, and various "common law authorities," including the Magna Carta and the "Confirmatio Cartarum." (ECF 10 at 1-2, 6.) Plaintiff again

3

seeks damages and injunctive relief. (*Id.* at 19.) Attached to the amended complaint, which is 20 pages long, are more than 60 pages of documents arising from the state court matter. (*Id.* at 21-87.)

**DISCUSSION**

The amended complaint is dismissed for the same reasons set forth in Judge Stanton's dismissal order, which, after a thorough analysis, concluded that the original complaint failed to state a claim on which relief could be granted and sought relief from immune defendants. (ECF 5.) In short, the amended complaint does not contain any additional facts giving rise to a claim under § 1983 or any other federal law.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

4

Plaintiff's amended complaint gives no indication that the defects can be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

As noted in the dismissal order, this is not Plaintiff's first attempt to challenge the foreclosure proceedings from which this action arises; he did so in *Deutsche Bank National Trust v. Levine*, No. 17-CV-389 (CM) (S.D.N.Y. Feb. 1, 2017) (remanding removal action as improper), and in *Levine v. Deutsche Bank National Trust*, No. 17-CV-2321 (CM) (S.D.N.Y. July 6, 2017) (dismissing complaint naming many of the same defendants, after granting Plaintiff leave to amend, for failure to state a claim upon which relief may be granted). Plaintiff should now be on notice that his remedy for any injury to him resulting from the foreclosure proceedings is to appeal any adverse decisions within the state court system rather than seek this Court's intervention in the foreclosure action.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). This matter is closed. No further documents will be accepted in this case except for those captioned for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 11, 2021
        New York, New York

                                      /s/Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                  Chief United States District Judge